# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-0803v
(Unpublished)

CHARLES RANDALL,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Special Master Oler
Filed: March 27, 2019

Petitioner's Motion for a Decision;
Dismissal of Petition; Vaccine Act.

---

*F. John Caldwell, Jr.*, Maglio, Christopher & Toale, P.A., Sarasota, Fl., for Petitioner.

*Lisa A. Watts*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

## DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On June 14, 2017, Charles Randall ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that he developed the Miller-Fisher variant of Guillain-Barré syndrome ("MFS/GBS") as a result of a tetanus/diphtheria vaccination

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

that he received on November 2, 2015.[3]  Petition ("Pet.") at 1, ECF No. 1.  Petitioner filed his statement of completion on August 10, 2017. ECF No. 8.

On July 25, 2018, Respondent filed a Rule 4(c) Report. ECF No. 24.  Respondent stated that Petitioner had not satisfied his burden of proof, specifically noting that he failed to establish a temporal or causal relationship between his vaccination and subsequent MFS/GBS.  *Id*. at 5-6.  Respondent concluded that "there is no evidence in support of the petition for compensation and it should be dismissed" *Id*. at 6.

On July 25, 2017, I ordered Petitioner to file an expert report by September 24, 2018, in light of Respondent's Rule 4(c) Report.  On September 25, 2018, I granted Petitioner's motion for an extension to obtain an expert report until November 23, 2018. ECF No. 25.  On November 26, 2018, Petitioner filed a status report indicating that he was not prepared to file an expert report at that time. ECF No. 26. Petitioner has not filed an expert report in this case.

On March 25, 2019, Petitioner filed the instant motion to dismiss his claim, indicating that "[a]n investigation of the facts and science supporting his case has demonstrated to Petitioner that [he] will be unable to prove that [he] is entitled to compensation in the Vaccine Program."  *See* Petitioner's Unopposed Motion for a Decision Dismissing his Petition, ECF No. 27.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine.  *See* Sections 13(a)(1)(A) and 11(c)(1).  Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert.  Section 13(a)(1).  In this case, however, there is insufficient evidence in the record for Petitioner to meet his burden of proof.  Petitioner's claim therefore cannot succeed and in accordance with his motion, must be dismissed.  Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ **Katherine E. Oler**
Katherine E. Oler
Special Master

---

[3] This case was initially assigned to Special Master Hastings on June 15, 2017 (ECF No. 4), reassigned to Special Master Corcoran on October 10, 2017 (ECF No. 13), and was assigned to my docket on December 4, 2017 (ECF No. 15).